**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CAUSE NO. 2:09-CR-103-PPS |
| | ) |
| JEREMIAH WILLIAMS, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Production of Informant [DE 12], filed by Defendant Jeremiah Williams on August 3, 2009. On August 5, 2009, the Government filed a Government's Response to Defendant's Motion for Production of Informant. Defendant did not file a Reply Brief, and the time to do so has passed.

In the motion, Defendant Williams seeks disclosure by the Government of the identity and other information regarding the confidential informant related to this case based on apparent inconsistencies in the reports regarding the quantity of cocaine delivered and because Defendant's defense will likely be one of entrapment. Defendant argues that the identification and other pertinent information of the Government's informants and cooperating witnesses is discoverable under *Brady*, the *Jencks* Act, *Giglio*, or Rule 16. The Government responds that early disclosure of the requested information in this case is unwarranted and that the Government, as is its usual practice, will voluntarily turn over the relevant requested discovery on the Friday prior to trial.

On the same date that Defendant filed the instant motion, Defendant also filed a Motion for Bill of Particulars, addressing the same concerns about the quantity of drugs seized and tested. Later that day, the Government filed a Bill of Particulars addressing those concerns, and the Court denied

1

the motion as moot. Defendant also simultaneously filed a Motion to Produce Chain of Custody Documents related to the drugs seized and tested, which the Government opposed but which the Court granted.

"The government has the affirmative duty to disclose evidence favorable to a defendant and material either to guilt or punishment." *United States v. Baker*, 453 F.3d 419, 422 (7th Cir. 2006) (quoting *United States v. Fallon*, 348 F.3d 248, 251 (7th Cir.2003) (citing *Brady v. Maryland*, 373 U.S. 83 (1963)). "Impeachment evidence . . . as well as exculpatory evidence, falls within the *Brady* rule." *United States v. Bagley*, 473 U.S. 667, 676 (1985) (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)). The Seventh Circuit has held that disclosure of exculpatory information to a criminal defendant "need not be made until trial as long as the defendant is not prevented from having a fair trial." *Kompare v. Stein*, 801 F.2d 883, 890 (7th Cir. 1986) (citing *United States v. Allain*, 671 F.2d 248, 255 (7th Cir. 1982)). The Jencks Act explicitly exempts witness statements from compelled production until the witness actually testifies:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a); *see also Jencks v. United States*, 353 U.S. 657 (1957). Other than the witness/informant identification and information, which is not subject to the disclosure required by Federal Rule of Criminal Procedure 16(a), *see* Fed. R. Crim. P. (a) (2) (citing 18 U.S.C. § 3500), the Defendant has not identified any other discoverable information under Rule 16.

Having considered the motion and based on the representations of the Government regarding the timing of its witness disclosure, the Court **GRANTS** Defendant's Motion for Production of

Informant [DE 12], limited to the witnesses that the government intends to call at trial and to disclosure no later than the Friday prior to trial.

SO ORDERED this 18th day of August, 2009.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT


cc: All counsel of record